```
             UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

JENNIFER K. PATTON;
and MICHAEL S. PATTON,

    Plaintiffs

v.                                CIVIL ACTION NO. 2:05-0790

THE FIFTH THIRD BANK,

    Defendant


### MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiffs' motion, filed October 19, 2005, seeking remand of this matter to the Circuit Court of Kanawha County.

### I.

Plaintiffs purchased a 2003 Chevrolet Venture Van ("the van") which was financed by a loan with the defendant Fifth Third Bank ("Fifth Third").[1] (Compl. ¶ 4.) Plaintiffs maintain they timely submitted all loan payments; however, on April 2, 2005, an agent of Fifth Third repossessed the van. (Id. ¶ 8.) Upon plaintiffs' inquiry, Fifth Third informed plaintiffs that if they

---

[1] Fifth Third notes the complaint erroneously identified it as "The Fifth Third Bank."

1

wanted the van back they had to pay $22,000, which represented the outstanding balance on the loan. (Id. ¶ 10.)

On August 24, 2005, plaintiffs instituted this action in the Circuit Court of Kanawha County. Count I asserts Fifth Third converted plaintiffs' van. Count II maintains that Fifth Third breached its duty of good faith and fair dealing. Count III opaquely alleges that the agreement between Fifth Third and plaintiffs contained a "contract term [that] was unenforceable" under Section 46A-2-121 of the West Virginia Consumer Credit and Protection Act ("WVCCPA"). The plaintiffs seek actual damages, punitive damages, attorney fees, and costs under each count.[2] With respect to Count III, plaintiffs further seek the imposition of a $4,000 penalty pursuant to § 46A-5-101.

On September 23, 2005, Fifth Third removed the action to this court asserting federal jurisdiction was proper inasmuch as the parties are diverse and the amount in controversy exceeds $75,000. Plaintiffs seek remand contending Fifth Third cannot demonstrate that the amount in controversy exceeds $75,000.[3]

---

[2]Punitive damages are not available for plaintiffs' Count III claim under § 46A-2-121. See One Valley Bank of Oak Hill, Inc. v. Bolen, 188 W.Va. 687, 692 (W. Va. 1992).

[3]Plaintiffs have not filed a reply to Fifth Third's "Response to Plaintiffs' Motion to Remand."

II.

Federal district courts have original jurisdiction of actions between citizens of different states in which the "matter in controversy" exceeds the value of $75,000, exclusive of interest and costs.  28 U.S.C.A. § 1332(a).  Because the citizenship of the parties is not in dispute, the court need only determine whether the amount in controversy is satisfied.

A defendant who removes a case from state court in which the damages sought are unspecified, asserting the existence of federal diversity jurisdiction, must prove by a preponderance of the evidence that the value of the matter in controversy exceeds the jurisdictional amount.  Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996); Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992); Sayre v. Potts, 32 F. Supp.2d 881, 885 (S.D. W.Va. 1999); Landmark Corp., 945 F. Supp. 932, 935 (S.D. W.Va. 1996).  More specifically, "the amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal."  Sayre, 32 F. Supp.2d at 886 (citing Landmark Corp., 945 F. Supp. at 936-37); see also Hutchens v. Progressive Poloverde Insurance Co., 211 F. Supp.2d 788, 791

(S.D. W.Va. 2002) (citation omitted).  In calculating that amount, the court may consider the "'entire record before it and make an independent evaluation'" of whether the amount in controversy is satisfied.  <u>Sayre</u>, 32 F. Supp.2d at 886 (<u>citing</u> <u>White v. J.C. Penney Life Ins. Co.</u>, 861 F. Supp. 25, 27 (S.D. W.Va. 1994) (citation omitted)).

### III.

A. <u>Compensatory Damages</u>

Fifth Third begins its analysis by noting that the NADA value of the allegedly converted van is $15,325.  Fifth Third next asserts that plaintiffs' compensatory damages should include costs they incurred after the repossession of the automobile, namely, the costs of obtaining replacement transportation, and that these costs combined with the value of the van, total $20,000 in compensatory damages.  Plaintiffs expressly state that they do not object to the use of $15,325 as the value for the converted van and have failed to respond to Fifth Third's argument that costs incurred after the repossession should be calculated in determining plaintiffs' compensatory damages.  Inasmuch as plaintiffs have not objected to the $15,325 value of the van, and inasmuch further as plaintiffs likely would

have had to obtain replacement transportation, the court concludes that $20,000 is a reasonable estimate of plaintiffs' compensatory damages.

    B.    <u>Statutory Penalty</u>

In their complaint plaintiffs also seek a statutory penalty in the amount of $4,000 for Fifth Third's violation of the WVCCPA. The parties do not dispute that plaintiffs may recover a statutory penalty for this alleged violation of the WVCCPA. <u>See</u> W. Va. Code § 46A-5-101. Plaintiffs seek to avoid the inclusion of the penalty in the amount in controversy analysis by asserting that their claim under the WVCCPA "come[s] into play only if the Defendant asserts a contract clause which would purport to authorize repossession when a consumer is current on payments." As Fifth Third has not identified such a clause, plaintiffs maintain that the claim contained in Count III is now moot.

In light of plaintiffs' position, Fifth Third invited plaintiffs to voluntarily dismiss Count III with prejudice. The docket reveals plaintiffs have declined this invitation. Count III thus remains a viable claim in plaintiffs' complaint, and the $4,000 penalty may be included in the calculation of the amount

in controversy.

    C.    <u>Punitive damages</u>

In addition to compensatory and statutory damages, punitive damages may be included for the purpose of determining the amount in controversy.  14B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3702 (3d ed. 1998) ("A long line of decisions clearly establishes the proposition that exemplary or punitive damages, when they are permitted to be awarded under the governing substantive law for the claim being asserted by the plaintiff, can be included in determining whether the jurisdictional amount in controversy requirement has been met.").  The issue of whether a plaintiff has pled in good faith a claim for punitive damages is dependent upon his state causes of action.  14B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3702 (3d ed. 1998).  In determining the amount of punitive damages, it is noted that, in the recent case of <u>State Farm Mutual Automobile Insurance Co. v. Campbell</u>, 538 S.Ct. 408 (2003), the United States Supreme Court examined the relationship of punitive damages to compensatory damages and suggested in <u>dicta</u> that single digit ratios are presumptively valid.  <u>Id.</u> at 1524.

6

Plaintiffs concede that there are "arguably some punitive damages" and have made no argument as to why punitive damages should not be included in the analysis.  The court having determined that a reasonable estimate of compensatory damages is $20,000 and using the conservative punitive damages ratio suggested by defendants of 2.55 to 1, concludes plaintiffs' punitive damages would total $51,000.[4]

D.  Attorney's Fees

As a general rule, attorney fees are excludable in determining the amount in controversy for purposes of a diversity suit, but there are exceptions where the fees are provided for by contract or where a statute mandates or allows the payment of such fees.  See Spielman v. Genzyme Corp., 251 F.3d 1, 7 (1st Cir. 2001); see also Manguno v. Prudential Property & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) ("[i]f a state statute provides for attorney's fees, such fees are included as part of the amount in controversy."); cf. Saval v. BL Ltd., 710 F.2d 1027, 1033 (4th Cir. 1983) (recognizing that courts have considered attorney fees as part of the jurisdictional amount where statutes or

---

[4]Defendants request the court include the $4,000 statutory penalty in its calculation of compensatory damages.  Inasmuch as the statutory penalty is punitive in nature, it is not considered in the calculation of compensatory damages.

7

contractual provisions transform the fees into substantive rights to which litigants are entitled).

In this case, attorney fees are available under West Virginia Code § 46A-5-104, which provides that:

> In any claim brought under this chapter applying to any illegal, fraudulent, or unconscionable conduct or any prohibited debt collection practice, the court may award all or a portion of the costs of litigation, including reasonable attorney fees, court costs and fees, to the consumer.

Id.  The parties dispute the amount of attorney fees that should be included in an analysis of the amount in controversy.[5]  The court notes that in a similar action that involved plaintiffs' counsel, this court recently concluded that $25,000 was a reasonable preliminary estimate of a plaintiff's attorney fees, including a trial on the merits, in a case of this kind.  See McGraw v. Discover Financial Services, Inc., 2005 WL 1785259 (S.D. W.Va. July 26, 2005).  In light of the similar nature of the claims in this case, the court concludes $25,000 is a reasonable estimate of plaintiffs' attorney fees.

---

[5] In addition to disputing the amount of attorney fees that should be included in the analysis, plaintiffs also assert that attorney fees should not be included inasmuch as attorney fees were only available under their purportedly abandoned WVCCPA claim contained in Count III.  The court has already addressed this argument at p. 5, supra.

F.  <u>Summary of Damages</u>

The court finds that if plaintiffs were completely successful a reasonable estimate of their damages would be (1) $20,000 in compensatory damages; (2) a $4,000 statutory penalty; (3) $51,000 in punitive damages; and (4) $25,000 in attorney fees.  Inasmuch as plaintiffs' recovery can reasonably be projected to reach $100,000, the court finds Fifth Third has satisfied its burden of demonstrating the amount in controversy exceeds $75,000.

IV.

For the reasons set forth, it is accordingly ORDERED that plaintiffs' motion to remand be, and it hereby is, denied.

The Clerk is directed to forward copies of this order to all counsel of record.

DATED: March 24, 2006

John T. Copenhaver, Jr.
United States District Judge